**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rita Tapia, et al., | No. CV-23-00465-TUC-JCH (MAA) |
| Plaintiffs, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 52) issued by United States Magistrate Judge Michael A. Ambri, which recommends granting in part Defendant Costco's Motion for Summary Judgement (Doc. 37) and denying Plaintiffs' Cross-Motion for Summary Judgment (Doc. 41).

Defendant objects to the R&R. Doc. 53. The Court will overrule the objections and adopt the R&R in full.

**I.      Background**

On November 12, 2021, Plaintiff Rita Tapia slipped and fell while exiting a Costco warehouse store in Tucson, Arizona. The Complaint alleges Tapia slipped on water near an ice machine. Plaintiff alleges the fall caused a lower leg fracture and shoulder injury, and that she underwent a total knee arthroplasty ("knee surgery") as a result.

Defendant alleges Plaintiff fell because she slipped on ice that a customer had dropped only 19 seconds earlier. Defendant also disputes that the fall caused the knee surgery because Plaintiff's orthopedic surgeon had recommended and scheduled the exact

same procedure 10 months before the fall. Plaintiff provided an affidavit stating she had decided to postpone the surgery indefinitely, but the fall aggravated her condition and ultimately forced her to have the knee surgery.

On October 22, 2024, Defendant filed a Motion for Summary Judgment (Doc. 37). On December 5, 2024, Plaintiff filed a Response and Cross-Motion for Summary Judgment. Doc. 41. On April 9, 2025, Judge Ambri issued his R&R. Doc. 52.

## II. Legal Standards

### a. R&R Findings and Recommendations

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2) (emphasis added).

### b. Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(a) where the moving party demonstrates the absence of a material fact dispute and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When making a summary judgment determination, the Court must draw all inferences from the underlying facts in the non-moving party's favor. *Id.* at 587.

## III. Analysis

Defendant makes three objections to the R&R: (1) that International Building Code ("IBC") § 1003.4 is not specific enough to support a negligence per se claim; (2) there is insufficient evidence Defendant violated IBC § 1003.4; and (3) Plaintiff's knee surgery damages rely on a "sham affidavit." Defendant seeks summary judgment on Plaintiff's negligence per se claim and Plaintiff's knee surgery damages.

The Court reviews each objection de novo.

### a. IBC § 1003.4 is Specific Enough to Support a Negligence Per Se Claim.

"Negligence per se is limited to situations involving a violation of a specific legal requirement, not a general standard of care." *Ibarra v. Gastelum*, 471 P.3d 1028, 1030 (Ariz. Ct. App. 2020). If a statute does not "proscribe certain or specific acts," but instead "defines only a general standard of care," negligence per se cannot be the basis for a claim. *Id.* at 1030–31.

Plaintiff alleges Defendant violated two separate provisions: International Property Maintenance Code ("IPMC") § 305.4 and IBC § 1003.4.[1] These two provisions happen to illustrate the contrast between a general versus specific standard of care. Under IPCM § 305.4, "[e]very . . . walkway surface . . . shall be maintained in sound condition and good repair." *Id.* "Sound condition and good repair" is a general standard and thus cannot support a negligence per se claim. In contrast, IBC § 1003.4 provides: "Walking surfaces of the *means of egress* shall have a slip-resistant surface and be securely attached."[2] *Id.*

Contrary to Defendant's objection, § 1003.4 need not define "slip-resistant" to meet the specificity required to support a negligence per se claim. *See* Doc. 53 at 4. Defendant's contention that the building code needs to prescribe a minimum co-efficient of friction or require an "exact type of flooring" to be specific enough is inconsistent with Arizona law. The term "slip-resistant" can be given its ordinary, common meaning. *See Johnson v. Tucson Ests., Inc.*, 683 P.2d 330, 334 (Ariz. Ct. App. 1984) (jury permitted to "give the ordinary, common meaning to the word nonslip without further definition in the

---

[1] Arizona courts permit parties to bring negligence per se claims based on codified building code violations. *Accord, e.g.*, *Beaty v. Jenkins*, 414 P.2d 763, 734 (Ariz. Ct. App. 1966) (defendant negligent per se for violating building code, but plaintiffs failed to show how violation caused the injury); *Utaz Dev. Corp. v. O'Connor*, No. 1 CA-CV 09-0609, 2010 WL 5033514, at *3 (Ariz. Ct. App. Sept. 30, 2010) ("to the extent O'Connor's work violated applicable building codes, its conduct constituted negligence *per se*"); *Sullivan v. Pulte Home Corp.*, 354 P.3d 424, 427–28 (Ariz. Ct. App. 2015) (affirming negligence per se "in the context of injury and death" but declining to extend liability "for purely economic loss" arising from building code violation); *Forsyth v. Four Crown Const., LLC*, No. 1 CA-CV 09-0181, 2010 WL 2403755, at *3 (Ariz. Ct. App. June 15, 2010) (affirming negligence per se claim against construction company who disregarded building code).

[2] The IBC italicizes terms that are defined in the Code. "Means of egress" is defined as a "continuous and unobstructed path of vertical and horizontal egress travel from any occupied portion of a building or structure to a *public way*." Doc. 42-2 at 14.

regulation."); *accord Mast v. Standard Oil Co. of California*, 680 P.2d 137, 139–41 (Ariz. 1984) (regulation was specific enough to support negligence per se claim despite different possible interpretations of the commonly-understood term "distinctive").

To sustain a negligence per se claim, Defendant argues that a jury must be able to "easily recognize" whether the defendant violated a regulation. *See* Doc. 53 at 3. This blurs the distinction between the court's role and the jury's role. Once the court determines a statute or regulation prescribes a specific enough standard of care, the jury then decides "whether the standard of care has been met in a particular case." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (en banc).

In a general negligence claim, the jury typically evaluates whether the defendant exercised "reasonable care under the circumstances." *Hutto v. Francisco*, 107 P.3d 934, 939 (Ariz. Ct. App. 2005) (quoting *Rossell v. Volkswagen of Am.*, 709 P.2d 517, 521–22 (Ariz. 1985)). But in a negligence per se claim, a statute or regulation instead supplies what is "reasonable." *Rosales v. Rollag*, No. CV-22-01581-PHX-DJH, 2024 WL 4333698, at *5 (D. Ariz. Sep. 27, 2024). Thus, once a court finds negligence per se applies, "further inquiry into the circumstances or reasonableness" of a defendant's acts or omissions is unnecessary. *Griffith v. Valley of Sun Recovery and Adjustment Bureau, Inc.*, 613 P.2d 1283, 1285 (Ariz. Ct. App. 1980) (quoting *Deering v. Carter*, 376 P.2d 857, 860 (Ariz. 1962)).

Here, this means there is no need to inquire into the circumstances or reasonableness behind Defendant's choice in flooring, because what is reasonable has already been defined. Either the flooring was slip-resistant, or it was not. Whether the flooring here was *in fact* slip-resistant is a jury issue. The Court agrees with the R&R's conclusions that IPCM § 305.4 is too general, but IBC § 1003.4 is specific enough to support a negligence per se claim.

### b. There is a Fact Dispute Whether Defendant Violated IBC § 1003.4.

Defendant notes the R&R did not review whether there is sufficient evidence to support Plaintiff's negligence per se claim. Doc. 53 at 5. Defendant argues, even if IBC

§ 1003.4 is specific enough, summary judgment is appropriate because Plaintiff provided no evidence the flooring at issue violated the slip-resistant standard. *Id.*

That Plaintiff slipped arguably supports her contention that the floor was not "slip-resistant." In Plaintiff's deposition, she stated she "slipped on the water and the ice" on the floor near the ice machine. Doc. 42-17 at 7. Further, Plaintiff's expert observed that the flooring at issue was "smooth epoxy coated concrete" only partly covered by "black abrasive strips." Doc. 42-2 at 1. The expert concluded the abrasive strips were "not effective at providing a slip-resistant floor" over the area where Plaintiff slipped. *Id.* at 3. Defendant's argument that Plaintiff's expert did not perform any tests on the flooring speaks more to the weight and credibility of this evidence, rather than its sufficiency. *See* Doc. 53 at 5.

This evidence, viewed in the light most favorable to Plaintiff, is sufficient for a reasonable jury to find Defendant violated IBC § 1003.4. Thus, summary judgment is inappropriate.

### c. Plaintiff's Affidavit is not a "Sham Affidavit."

Defendant contends Plaintiff's knee surgery damages are supported only by a "sham affidavit." Under the "sham affidavit" rule, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). However, "the sham affidavit rule should be applied with caution" because a court should not make credibility determinations or weigh conflicting evidence at summary judgment. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (internal quotations omitted). To invoke the sham affidavit rule, the court must find that (1) the contradictory affidavit was, in fact, a sham; and (2) the inconsistency between the testimony and affidavit is "clear and unambiguous." *Id.* at 998–99.

Defendant's argument falls short on both parts. First, the Court sees no basis to conclude Plaintiff fabricated the affidavit to create a triable issue of fact.

Second, read as a whole, Plaintiff's affidavit is not clearly inconsistent with her

deposition testimony. "[T]he non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition." *Messick v. Horizon Indus. Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995). The Court views Plaintiff's affidavit as doing just this: clarifying, explaining, and elaborating upon her deposition testimony.

There remains a triable fact issue regarding causation of the knee surgery damages. *See Robertson v. Sixpence Inns of America, Inc.*, 789 P.2d 1040, 1047 (Ariz. 1990) ("The defendant's act or omission need not be a 'large' or 'abundant' cause of the injury . . . liability exists if the damages would not have occurred but for that conduct. . . . Ordinarily, the question of proximate cause is a question of fact for the jury.").

## IV. Conclusion

**IT IS ORDERED overruling** Defendant's objections (Doc. 53) and **adopting in full** the R&R (Doc. 52).

**IT IS FURTHER ORDERED granting in part** Defendant's Motion for Summary Judgment (Doc. 37) and **denying** Plaintiffs' Motion for Summary Judgment (Doc. 41), consistent with Judge Ambri's Recommendation (Doc. 52 at 13:20–14:2).

**IT IS FURTHER ORDERED** setting a trial-setting conference for **Wednesday, September 24, 2025**, at **2:00 p.m.**, for 30 minutes. The parties shall meet and confer ahead of time and come to the Conference prepared to discuss (1) whether referral to a settlement conference is appropriate, (2) anticipated length of trial, and (3) a range of trial dates. The Conference will be in person and on the record, but the parties have leave to appear telephonically. If a party appears telephonically, contact chambers for call-in instructions at least 24 hours before the Conference.

Dated this 21st day of August, 2025.

John C. Hinderaker
United States District Judge